WISCONSIN MUTUAL LIABILITY COMPANY, Appellant, vs.
INDUSTRIAL COMMISSION OF WISCONSIN and others,
Respondents.

*May 15—June 21, 1926.*

*Workmen's compensation: Third person causing injury to work-
man: Assignment of claim in tort upon payment of compen-
sation to workman: Settlement by employee: Validity: Order
of industrial commission approving settlement: Jurisdiction.*

1. Under sec. 102.29, Stats., a settlement with a railroad company
   by an injured person after making a valid claim for com-
   pensation against his employer, thereby assigning to the latter
   his claim against the railroad company, is null so far as the
   employer or the liability insurer is concerned. The industrial
   commission therefore has no jurisdiction over the railroad
   company, and its order directing the claimant to account to
   the insurer for a portion of the settlement is void.  p. 601.
2. The circuit court, whose jurisdiction to review the proceedings
   of the industrial commission depends on sec. 102.23, Stats.,
   erred in affirming the order of the commission.  p. 601.
3. An employee who has made a valid claim for workmen's com-
   pensation against his employer cannot make a valid settle-
   ment with a third person for the injury, as the employer or
   his insurer, upon payment of compensation, has a right to
   sue such third person and compromise the claim with the
   approval of the court if it is in litigation, otherwise with the
   approval of the industrial commission.  p. 601.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed, with
directions.*

This is an appeal from a judgment affirming an order
of the *Industrial Commission of Wisconsin.* It involves
an interpretation of sec. 102.29, Stats., which reads as fol-
lows:

"(1) The making of a lawful claim against an employer
or compensation insurer for compensation under sections
102.03 to 102.34, inclusive, for the injury or death of an
employee shall operate as an assignment of any cause of ac-
tion in tort which the employee or his personal representa-
tive may have against any other party for such injury or

death; and such employer or insurer may enforce in their own name or names the liability of such other party for their benefit as their interests may appear. If a recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary or beneficiaries shall be entitled to any amount recovered over and above the amount that the employer or insurer, or both, have paid or are liable for in compensation to such beneficiary or beneficiaries, after deducting reasonable cost of collection, and in no event shall the beneficiary receive less than one third the amount recovered from the third party, less the reasonable cost of collection. Settlements of such claims and the distribution of the proceeds therefrom must have the approval of the court wherein the litigation is pending, or if not in suit, of the industrial commission. The beneficiary shall be entitled to reasonable notice and opportunity to be present in person or by counsel at the approval proceedings. The failure of the employer or compensation insurer in interest to pursue his remedy against the third party within ninety days after written demand by a compensation beneficiary, shall entitle such beneficiary or his representatives to enforce liability in his own name, accounting of the proceeds to be made on the basis above provided. . . ."

For the appellant there were briefs by *Roehr & Steinmetz,* attorneys, and *Ida E. Luick,* of counsel, all of Milwaukee, and oral argument by *Miss Luick.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan* and *F. C. Seibold,* assistant attorneys general, and oral argument by *Mr. Seibold.*

For the respondent *Minneapolis, St. Paul & Sault Ste. Marie Railway Company* there was a brief by *W. A. Hayes* and *F. A. Darnieder,* both of Milwaukee, attorneys, and *John F. Kluwin* of Oshkosh, of counsel, and oral argument by *Mr. Hayes.*

CROWNHART, J. The respondent, an employee of the Oshkosh Motor Truck Company, while in the course of his employment, accidentally received personal injuries for

which he was awarded compensation by the *Industrial Commission,* pursuant to the workmen's compensation act, ch. 102, Stats. The appellant was the insurance carrier of the employer. It paid the award to *Perkins* and thereby became subrogated under its policy of insurance to the rights of the employer against any third party liable for damages to *Perkins* on account of such injuries. The employer became the assignee of any such claim of *Perkins* by virtue of sec. 102.29, Stats.

The injuries of *Perkins* were received by him while he was attempting to drive a motor truck of his employer across the railroad track of the "Soo" Railway, when the truck was struck by the engine of said railway company.

While such was the status, the railroad company denied any liability to *Perkins,* but paid him $1,000, taking from him an acknowledgment of settlement of his claim for damages by reason of the accident. Some time thereafter the appellant insurance company petitioned the *Industrial Commission* to make an order approving the settlement of the claim of *Perkins* with the railroad company, and for an order of distribution of the proceeds. The *Commission* thereupon held a hearing, took testimony, and entered an order directing *Perkins* to account to the insurance company for $666.67. The appellant insurance company then brought action in the circuit court to review the order of the *Industrial Commission,* and demanding judgment that the "Soo" Railway Company be directed to pay the insurance company the $666.67 which the insurance company claimed as its share of the settlement. The circuit court held that the *Commission* had no jurisdiction over the railroad company, and the court got no jurisdiction on review under the statute. The court therefore affirmed the order of the *Commission* and denied further relief. From such judgment the insurance company appealed to this court.

An unusual, though simple, question is thus presented.

The compensation act, sec. 102.29 of the Statutes, provides that the making of a lawful claim against the employer or compensation insurer for compensation shall operate as an assignment of any cause of action in tort which the employee may have against any other person on account of the accident, and the employer or insurer may enforce such liability in its own name, the employee to have one third the recovery, less the reasonable costs of the action. Any settlement of any such claim, if in litigation, must have the approval of the court in which the matter is pending, otherwise the settlement must be approved by the *Industrial Commission*.

The *Commission* draws its jurisdiction exclusively from the statute. Clearly it had no jurisdiction over the railroad company. It rightly declined to assume any such.

The settlement of *Perkins* was null so far as his employer or the appellant was concerned, because his claim against the railroad company was assigned by operation of the statute to the employer, as soon as he made a valid claim for compensation against the employer. This being so, there was no settlement so far as the appellant or the employer was concerned, and there was nothing upon which the *Industrial Commission* could act. It follows that its order was void. The jurisdiction of the circuit court to review the proceedings of the *Commission* likewise depends on the statute, sec. 102.23. By its judgment it could only affirm said order or set it aside. The circuit court was therefore in error in affirming the order of the *Commission*.

The appellant claims there was a valid settlement between the railroad company and *Perkins*. We have seen that there could be no settlement of such claim because any such claim had previously been legally assigned to the employer of *Perkins*. The appellant, upon payment of compensation, had the right to sue the railroad company or make a settlement of its claim with the railroad company, with the ap-

State ex rel. Milwaukee G. L. Co. v. Arnold, 190 Wis. 602.

proval of the court if in litigation, or with the approval of the *Industrial Commission* if the claim was not in litigation. The matter of approval is solely for the protection of the injured workman, who, under the statute, is the beneficiary of any recovery to the extent of not less than one third thereof.

But it is claimed by the appellant in effect that *Perkins* was induced by way of a gift to become partisan of the "Soo" railroad and hostile to the interests of the appellant. This question is not properly before us.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment setting aside the order of the *Industrial Commission,* appellant to pay clerk's fees.

ESCHWEILER, J., dissents.

STEVENS, J., took no part.