Town of Albion, Respondent, vs. Industrial Commission of Wisconsin and another, Appellants.

*May 1—June 11, 1930.*

For the appellants there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and *Lyall T. Beggs* of Madison, attorney for Frances Kelly, and oral argument by *Mr. Levitan.*

For the respondent there was a brief by *La Follette, Rogers & Roberts* of Madison, and oral argument by *Glen D. Roberts.*

FOWLER, J.   Sec. 102.23, Stats., provides that the findings of the commission cannot be set aside by the court unless one of the following grounds exists: (1) The commission acted without power.   (2) The award was procured by fraud.   (3) The findings of fact do not support the award. There is here no claim of want of power of the commission to entertain the claim or of fraud in procuring the award. We are only concerned whether the commission's findings support the award.

In considering this question we are faced with the express provision of sec. 102.23 that findings of fact made by the commission are conclusive.   If there was evidence be-

fore the commission to support its findings of fact the court has no power to vacate the award. "It was not the scheme of the act to make the court a reviewer of facts. Its office is to relieve against fraud, to keep the commission within its jurisdictional bounds, and to correct an award not supported by the facts found." *Milwaukee v. Industrial Comm.* 160 Wis. 238, 244, 151 N. W. 247. It is manifest from the statement of facts above made that there was evidence to support the commission's finding to the effect that the deceased was in the employ of the town at the time he was injured. That he was not regularly employed by the town from December to April, as the town contends, is not at all inconsistent with the idea that he was temporarily in its employ when injured. That the town board considered he was subject to temporary employment is manifest from their allowance of his claim for January work and of their payment for the work done by him on the day of his death. The two members of the board who testified at the hearing before the commission no doubt acted in entire good faith in testifying as they did, but the inference drawn by them, that the deceased was not an employee of the town when temporarily engaged in road work for which they allowed him compensation, was erroneous.

The commission's finding being supported by the evidence, the court had no power to vacate the award, and having no power to vacate the award it had no power to recommit the case to the commission for further testimony. Its power to recommit is limited by sec. 102.24, which authorizes recommitment only when the court vacates the award. The court's order was virtually the granting of a new trial on the ground of newly-discovered evidence. The commission is empowered by sec. 102.18 to set aside or modify their award on such ground. But the court is not so empowered. Under sec. 102.23 it can only affirm the commission's award or set it aside. *Wisconsin Mut. L. Co. v. Industrial Comm.* 190

Wis. 598, 601, 209 N. W. 697. The court acquires no jurisdiction under the general law, but acquires it solely under the compensation act. *Booth Fisheries Co. v. Industrial Comm.* 185 Wis. 127, 200 N. W. 775. The courts of other states, wherever the point has been raised, have denied the power of the court to grant a new trial in compensation act cases for newly-discovered evidence upon the general ground that the reviewing court has no powers except as are expressly conferred by the compensation act. *Luyk v. Hertel,* 242 Mich. 445, 219 N. W. 721; *Kudla v. Industrial Comm.* 336 Ill. 279, 168 N. E. 298; *Ferguson v. Palmolive-Peet Co.* 129 Kan. 516, 283 Pac. 508; *Wagner C. & C. Co. v. Gray,* 208 Ky. 152, 270 S. W. 721; *Kempston v. Thompson-Starrett Co.* 211 App. Div. 820, 206 N. Y. Supp. 646; *Devine's Case,* 236 Mass. 588, 129 N. E. 414.

*By the Court.*—The order of the circuit court is reversed, with directions to reinstate the judgment confirming the award.