KELLEY, Respondent, vs. TOMAHAWK MOTOR COMPANY and another, imp., Appellants.

*December 11, 1931—January 12, 1932.*

*Carlyle B. Wurster* of Merrill, for the appellants.

*F. J. Smith* of Merrill, for the respondent.

NELSON, J. No claim is now made that the complaint does not state a good cause of action for the modification, reformation, or cancellation of the release. The principal contention of the appellants is that it appears from the complaint that the plaintiff has an adequate remedy at law. This contention is based upon the claim that, since it appears from the allegations of the complaint that the plaintiff's claim for compensation is pending before the Industrial Commission, the commission has full and complete authority to receive parol testimony to contradict the terms of the written release for the purpose of permitting the plaintiff to show the real nature of the release and her understanding and intention at the time she signed it.

While the Industrial Commission has sole jurisdiction to hear and determine all controversies arising under the workmen's compensation act (secs. 102.14 and 102.16, Stats.) and undoubtedly has the power to determine the facts as to whether a compensation claimant has made a lawful claim against an employer (sec. 102.29, Stats.), whether an action for damages has been commenced by an employee or his dependent against a third party, whether such a claim has been adjusted, whether an employee or his dependent has waived his claim for compensation, and whether a release has been given, and, if so, the resultant effect upon a claim for compensation, none of such questions is involved herein.

This action invokes a well defined remedy given by courts of equity. No citation of authority is necessary to show that courts of equity have authority in proper cases to modify, reform, or cancel written instruments. On the other hand, the powers of the commission are derived exclusively from the statutes. *Wisconsin Mut. L. Co. v. Industrial*

*Comm.* 190 Wis. 598, 209 N. W. 697. No statute is cited by appellants and we have been unable to find any which even pretends to confer authority on the commission to modify, reform, or cancel written instruments properly before it for consideration. Any attempt by the legislature to confer such purely judicial powers upon the commission would no doubt meet with insurmountable constitutional objections. *Klein v. Barry,* 182 Wis. 255, 196 N. W. 457. While the workmen's compensation act must at all times be liberally construed to the end that its beneficent purposes may be fully carried out, we find no sanction in the law for the contention herein made that the commission may exercise such purely judicial powers.

No allegation is found in the complaint which warrants the conclusion that the railway company was in any manner before the Industrial Commission or subject to its jurisdiction. No statute is found which would have permitted the bringing in of the railway company as a third party to the particular proceeding pending before the commission. Even if the commission had authority to act, as contended by appellants, without having the railway company before it, and should conclude that such release should be reformed or canceled or considered to be something different from what on its face it purports to be, so far as its effect upon the compensation proceeding is concerned, leaving it otherwise in full force and effect as between the real parties to it, an intolerable situation would arise.

From the order of the commission set forth in the supplemental case herein, which probably is not properly before us for consideration, it appears that the commission claims no such equitable powers and in fact specifically refused to exercise them, but held the matter open so that the plaintiff might resort to the courts for the particular relief demanded in this action.

It is the opinion of the court that the plaintiff has the right to proceed in a court of equity for the purpose of seeking a modification, reformation, or cancellation of the release given by her to the railway company.

*By the Court.*—Order affirmed.