KALLAS *v.* ANN ARBOR CITY WATERWORKS.

WORKMEN'S COMPENSATION—SETTING ASIDE SETTLEMENT RECEIPT—FRAUD—EVIDENCE.

In suit to set aside settlement receipt for workmen's compensation for loss of great toe, evidence that plaintiff was unfamiliar with the English language and was not represented by counsel when receipt was signed *held,* insufficient to justify decree for plaintiff on ground of fraud in absence of showing that department of labor and industry failed to properly discharge its duty to see that settlement receipt was made in accordance with the act (2 Comp. Laws 1929, § 8426).

Appeal from Washtenaw; Sample (George W.), J. Submitted June 4, 1935. (Docket No. 21, Calendar No. 38,244.) Decided September 9, 1935.

Bill by Pete Kallas against Ann Arbor City Waterworks, employer, and American Employers Insurance Company to set aside a workmen's compensation settlement receipt on the ground of fraud. Decree for plaintiff. Defendants appeal. Reversed.

*Carl H. Stuhrberg* and *Francis W. Schilling,* for plaintiff.

*E. Dean Alexander* and *William M. Laird,* for defendants.

BUSHNELL, J. This is an appeal from a decree setting aside a settlement receipt, the award of the department of labor and industry made thereon, and remanding the cause to the department for further consideration.

Plaintiff, while employed as a laborer by defendant, injured his great toe on June 13, 1931, and after its amputation was paid compensation for 30 weeks as provided by 2 Comp. Laws 1929, § 8426. A subsequent award on May 10, 1932, for continued disability gave plaintiff an additional amount of $269.30, making $770.04 in all. A second petition for further compensation filed June 8, 1932, was denied by the deputy on August 1, 1932, and affirmed by the department on October 1, 1932, because of plaintiff's failure to file a transcript of the testimony taken at the second hearing.

This bill of complaint, alleging fraud and deceit, was filed June 26, 1933, to set aside the settlement receipt of May 10, 1932. Plaintiff claims he signed the settlement receipt because it was represented

"that if he should attempt to resume employment with the defendant * * * compensation could be resumed in the event he was unable to resume such employment;" that he was thereby "dissuaded from exercising his right to review of the decision within 10 days as provided by law" and "had no knowledge of the content or meaning of the settlement receipt to which his signature was fraudulently procured," etc.

Plaintiff is unfamiliar with the English language and was not represented by counsel when the settlement receipt was executed; but these facts alone do not constitute proof of fraud. We must assume, unless a showing is made to the contrary, that the department properly discharged the duty imposed upon it to see that the settlement receipt was made in accordance with the act. When so made, the award thereon, unappealed and without a change in condition, leaves nothing to be reconsidered. The award of May 10th, which provided compensation from January 19, 1932, to May 14, 1932, stated:

"Plaintiff to return to work May 16, 1932, and make an honest effort to do the work * * * compensation to stop May 14, 1932."

The payroll records of defendant show plaintiff worked a total of 77 days from August 23d to December 14, 1932. It is difficult to see how there could be any fraud in the settlement of May 10th if plaintiff was able to work with a pick and shovel during the period covered by the records of his employer. The trial court said:

"I am not going to point out the specific things that I think constitute fraud. But the insurance company was represented—well represented at all times, and this man was a helpless piece of humanity

before them and to just what extent he was induced to do what he did, the court doesn't need to make a specific finding at this time. But my judgment is he would have done anything they told him to do. He was in that frame of mind. There is no doubt but what he got his advice somewhere in his disposition to do what he did.''

Courts should be zealous in safeguarding the legal rights of all, and especially the less fortunate when it is apparent that the one involved does not readily comprehend our language. Specific words are unnecessary in the workmen's compensation act to impose additional duties of supervision in the department of labor and industry in such instances. The department and the courts are, however, bound by the record and decrees must be supported by competent evidence.

In *Panozzo* v. *Ford Motor Co.,* 255 Mich. 149, we found evidence fairly sustaining the finding of the trial court of an over-reaching amounting to fraud, but we have never held that ability versus incapacity spelled fraud, nor mere opportunity to over-reach produces deceit. Courts do not possess arbitrary powers to spend litigants' money and rehabilitation is perhaps sometimes as important as compensation.

The decree is vacated and the bill of complaint dismissed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.