MICHIGAN MUTUAL LIABILITY COMPANY *v.* BAKER.

1. WORKMEN'S COMPENSATION—CANCELLATION OF INSURER'S CERTIFICATE—JURISDICTION OF EQUITY.

The question of whether or not a workmen's compensation insurer's certificate may be cancelled on the ground of fraud or mistake may be determined in a court of equity as it is within the province of equity to cancel instruments which may annoy and harass until their invalidity is determined.

2. EQUITY—CANCELLATION OF INSTRUMENTS—SPECIFIC RELIEF.

Equity has jurisdiction where complete protection and relief requires the cancellation of written instruments, the rescission of a transaction, or other specific relief of equitable character.

3. CANCELLATION OF INSTRUMENTS—JURISDICTION.

Since equity has jurisdiction to put an end to the business embarrassment that might be caused by an outstanding instrument purporting to be a meeting of the minds and which had been sent out into the world through mistake, the purported obligor need not wait until an action is started thereon to raise defense of invalidity by way of bill to cancel the instrument.

4. WORKMEN'S COMPENSATION—JURISDICTION OF DEPARTMENT.
   While the department of labor and industry has jurisdiction to determine "all questions" arising under the workmen's compensation law, it is an administrative tribunal only and not a court possessing general equitable and legal powers (2 Comp. Laws 1929, § 8455).

5. SAME—POWERS OF DEPARTMENT.
   While the department of labor and industry performs quasijudicial duties, it is not possessed of judicial power.

6. EQUITY—JURISDICTION.
   In this State, questions historically of equitable cognizance must remain determinable in chancery.

7. SAME—JURISDICTION—FRAUD.
   A court of equity is the only forum to adjudicate questions of fraud relating to the administration of the workmen's compensation law.

8. WORKMEN'S COMPENSATION—INSURER'S CERTIFICATE—MISTAKE—CANCELLATION IN EQUITY ONLY.
   The question of mistake in the issuance of an insurer's certificate is to be determined by a court of equity and not by the department of labor and industry as the intervention of equity is necessary for the adequate protection of the rights of an insurer.

9. SAME—CANCELLATION OF INSURER'S CERTIFICATE—EQUITY.
   The cancellation of a workmen's compensation insurer's certificate by a court of equity held, not inequitable where between the time of its issuance and effective date of cancellation there was an insurance carrier liable on the risk so that the workmen were not left completely unprotected.

10. COSTS—PUBLIC QUESTION—JURISDICTION TO CANCEL WORKMEN'S COMPENSATION INSURER'S CERTIFICATE—MISTAKE.
    No costs are allowed in case involving determination as to jurisdiction to decide matter of the cancellation of a workmen's compensation insurer on the ground of mistake, a public question being involved.

Appeal from Ingham; Carr (Leland W.), J. Submitted September 3, 1940. (Docket No. 113, Calendar No. 41,077.) Decided October 7, 1940.

Bill by Michigan Mutual Liability Company, a Michigan corporation, against John Baker and the

commissioners of the Department of Labor and Industry to cancel an insurance certificate. Decree for plaintiff. Commissioners appeal. Affirmed.

*Sessions & Warner* (*L. J. Carey* and *George J. Cooper*, of counsel), for plaintiff.

*Thomas Read*, Attorney General, *Edmund E. Shepherd* and *John Panchuk*, Assistants Attorney General, for appellants.

BUTZEL, J.  Plaintiff filed a bill in equity against the commissioners of the department of labor and industry and John Baker, an employer, to cancel an insurance certificate alleged to have been filed with the department of labor and industry by mistake, and for other relief. The Employers Mutual Liability Insurance Company and the State Accident Fund are made parties defendant by intervention.

In 1937, the employer filed an acceptance to come under the workmen's compensation act, and on October 21, 1937, the State Accident Fund filed an insurer's certificate. In September, 1938, the employer decided not to renew his coverage with the State Accident Fund, and on October 20, 1938, the Fund received notice to that effect. On the same day it filed notice with the department of labor and industry that its policy would terminate as of 12:01 a. m., October 31, 1938. The department promptly notified the employer that the effective date of the termination of the State Accident Fund policy was October 31, 1938. The defendant Employers Mutual Liability Company solicited the employer's account, and toward the end of September, 1938, it issued a policy to be effective October 21, 1938, and on that date an insurer's certificate was filed with the department. This coverage was terminated by notice

as of November 2, 1938. On October 19, 1938, plaintiff Michigan Mutual Liability Company solicited the employer's account, and on submission of an application, an insurer's certificate was filed with the department on October 24, 1938. This coverage was also terminated by notice as of November 2, 1938. The employer tentatively decided to place his business with plaintiff, and accordingly, on October 19th, he notified the Employers Mutual Liability Company that he wished to cancel its contract, and he inclosed his check for the earned premium. On the strength of the notice from the department of labor and industry that the Fund's coverage would not expire until October 31, at 12:01 a. m., the employer told an agent of plaintiff on October 21st that he did not want coverage in more than one company for the period up to the 31st of October, 1938, and that he should "drop the whole matter." The representative failed to notify the company to cancel its binder coverage of October 21st. On October 25th, after further solicitation by an agent of the Employers Mutual, the employer wired the Michigan Mutual to cancel its policy, and it appears that the Employers Mutual was to issue its contract as of October 31st. On October 28th, the agents of the two companies solicited the employer again, and by toss of a coin it was determined that the Employers Mutual was to be the carrier, starting October 31st.

On October 29th, an employee was fatally injured, and claim for compensation was duly made. In the proceeding before the deputy commissioner the State Accident Fund and the two insurance carriers were parties. The deputy commissioner held that the State Accident Fund was the insurer. Pending a review by the department, plaintiff filed this bill seeking cancellation of its certificate of acceptance of risk on the ground of mistake, and praying for

temporary and permanent injunctive relief against the commissioners of the department of labor and industry to restrain proceedings against plaintiff company. The trial court granted the relief prayed. Only the commissioners of the department of labor and industry appeal.

As the commissioners of the department of labor and industry are the sole appellants and raise only two questions, we shall limit our decision to them: (1) Is the jurisdiction to determine the validity of an insurer's certificate vested in the department of labor and industry, or in a court of equity? (2) Has plaintiff an adequate remedy without the intervention of a court of equity?

We think the question of the cancellation of the insurer's certificate on the ground of fraud or mistake may be determined in a court of equity. It is within the province of equity to cancel instruments which may annoy and harass until their invalidity is determined. *Fred Macey Co.* v. *Macey,* 143 Mich. 138 (5 L. R. A. [N. S.] 1036).

"Equity has jurisdiction where complete protection and relief requires the cancellation of written instruments, the rescission of a transaction, or other specific relief of equitable character." *Haylor* v. *Grigg-Hanna Lumber & Box Co.,* 287 Mich. 127, 133.

Where an instrument purporting to be a meeting of the minds is sent out into the world through mistake, the purported obligor need not wait until an action is started thereon to raise his defense of invalidity. Equity has jurisdiction to put an end to the business embarrassment that such an outstanding document might cause. *Baas* v. *Zinke,* 218 Mich. 552; *Meade* v. *Brown,* 218 Mich. 556; *Kutsche* v. *Ford,* 222 Mich. 442.

Furthermore, because of the nature of the contract and the fact that the tribunal which acts

thereon is one of limited powers, plaintiff would have no remedy at all in the premises unless a court of chancery intervenes. While the department has jurisdiction to determine ''all questions'' (2 Comp. Laws 1929, § 8455 [Stat. Ann. § 17.190]) arising under the compensation law, it must be borne in mind that it is an administrative tribunal only and not a court possessing general equitable and legal powers. *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8.

''While the industrial accident board * performs quasi-judicial duties, it is not possessed of judicial power.'' *Jones* v. *St. Joseph Iron Works*, 212 Mich. 174, 178.

In some jurisdictions, the tribunal administering the workmen's compensation law may have complete power to adjudicate legal and equitable questions relating to insurance matters because of specific constitutional provision or different constitutional interpretation. *Employers' Liability Assur. Corp.* v. *Matlock*, 151 Kan. 293 (98 Pac. [2d] 456, 127 A. L. R. 461); *In re Kelley*, 64 Ind. App. 594 (116 N. E. 306); *Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322 (176 N. E. 410); *Bankers Indemnity Ins. Co.* v. *Industrial Accident Com'n*, 4 Cal. (2d) 89 (47 Pac. [2d] 719). This is not so in Michigan or in some other jurisdictions. *Kelley* v. *Howard*, 233 Mo. App. 474 (123 S. W. [2d] 584; *Kelley* v. *Tomahawk Motor Co.*, 206 Wis. 568 (240 N. W. 141); *Farmers Gin Co.* v. *Jones*, 146 Okla. 79 (293 Pac. 527);

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—REPORTER.

*Lumbermen's Reciprocal Ass'n* v. *Henderson* (Tex. Com. App.), 15 S. W. (2d) 565; *Continental Casualty Co.* v. *Industrial Commission,* 61 Utah, 16 (210 Pac. 127). See complete annotation in 127 A. L. R. 473, "Proper tribunal for determination of questions relating to insurance under workmen's compensation acts." In Michigan, questions historically of equitable cognizance must remain determinable in chancery. *Brown* v. *Kalamazoo Circuit Judge,* 75 Mich. 274 (5 L. R. A. 226, 13 Am. St. Rep. 438). Accordingly, we have insisted that a court of equity is the only forum to adjudicate questions of fraud relating to the administration of the workmen's compensation law. *Atherton* v. *Fawcett,* 294 Mich. 436; *Spigarelli* v. *Oliver Iron Mining Co.,* 276 Mich. 46; *Panozzo* v. *Ford Motor Co.,* 255 Mich. 149; *Oliver Iron Mining Co.* v. *Pneff,* 262 Mich. 116; *Kallas* v. *Ann Arbor City Waterworks,* 272 Mich. 648.

We think, also, that the question of mistake in the issuance of an insurer's certificate is to be determined by a court of equity and not by the department, and that the intervention of equity is necessary for adequate protection of the rights of an insurer.

The facts before us are unique in that there will be some insurer against which an award may be entered after cancellation of plaintiff's certificate, for it would seem that the State Accident Fund remains liable during the period from October 21st to 31st unless some valid insurer's acceptance is filed with the department in the interim. (*Gratopp* v. *Carde Stamping & Tool Co.,* 216 Mich. 355; *Zakrzewski* v. *American Box Board Co.,* 256 Mich. 26; *Phillips* v. *County of Iron,* 273 Mich. 157.) We do not say here that relief will be granted where the result will be to leave workmen completely unprotected between the time the policy is issued and the effective date of

cancellation. A court of equity will not depart from equitable principles.

The decree is affirmed. As a public question is involved, no costs are allowed.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.