TADIN, Respondent, vs. INDUSTRIAL COMMISSION and others, Appellants.*

*November 6—December 1, 1953.*

* Motion for rehearing denied, without costs, on February 2, 1954.

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the appellants Wisconsin Barrel & Drum Company and Sun Indemnity Company there was a brief by *Bender, Trump, McIntyre, Trimborn & Godfrey* of Milwaukee, and oral argument by *R. E. McIntyre.*

For the respondent there was a brief and oral argument by *N. Paley Phillips* of Milwaukee.

GEHL, J.   It is contended by appellants that the circuit court was without jurisdiction to vacate the commission's award, that its power is limited by the provisions of sec. 102.24 (1), Stats.:

"(1) Upon the setting aside of any order or award the court may recommit the controversy and remand the record in the case to the commission, for further hearing or proceedings; or it may enter the proper judgment upon the findings, as the nature of the case shall demand. . . ."

The contention must be sustained. In *Albion v. Industrial Comm.* (1930), 202 Wis. 15, 231 N. W. 249, after the circuit court had entered a judgment confirming an award of the Industrial Commission, a motion was made to vacate the judgment, and in the alternative to (1) vacate the award or (2) remand the case to the commission for further testimony. The court set aside its previous order and remanded the record for further evidence. Upon appeal, this court reversed the order of the circuit court with directions to reinstate the judgment confirming the award, saying (p. 18):

"The commission's finding being supported by the evidence, the court had no power to vacate the award, and

having no power to vacate the award it had no power to recommit the case to the commission for further testimony. Its power to recommit is limited by sec. 102.24, which authorizes recommitment only when the court vacates the award. The court's order was virtually the granting of a new trial on the ground of newly discovered evidence. The commission is empowered by sec. 102.18 to set aside or modify their award on such ground. But the court is not so empowered. Under sec. 102.23 it can only affirm the commission's award or set it aside. *Wisconsin Mut. L. Co. v. Industrial Comm.* 190 Wis. 598, 601, 209 N. W. 697. The court acquires no jurisdiction under the general law, but acquires it solely under the compensation act. *Booth Fisheries Co. v. Industrial Comm.* 185 Wis. 127, 200 N. W. 775." See also *Kaegi v. Industrial Comm.* (1939), 232 Wis. 16, 285 N. W. 845.

The commission's findings are quoted in the foregoing statement of facts. The employee contends that they may not be construed as a finding that he did not have a herniated intervertebral disc. That was the only issue before the commission and much testimony bearing upon it was offered. The findings certainly apply to the employee's contention as to his condition and must be construed to negative it.

Although there is conflict, there is evidence to support the finding.

Dr. Sadoff testified that there was an "apparent slipped disc," recommended a myelogram. He attempted one but because of the conduct of the employee he was unable to complete it. He testified later that the physical findings were negative and that because of such negative findings he ruled out a slipped disc; that in view of the negative findings treatment would be of no value and told him to start looking for work. He testified further that as of February, 1948, he ruled out the presence of a slipped disc.

Dr. Kretchmar testified that he saw the employee first on January 22, 1947, and discharged him on March 28, 1947, and that on the latter date he had fully recovered from his

injuries; that his diagnosis was a low back strain and although he took an X ray on March 7th there was nothing to indicate a slipped disc; that he had never heard of a slipped-disc condition in the lower area of a patient's back, the place at which the employee complained that the pain existed. He did not rule out the possibility or probability of a slipped disc.

Dr. Wetzler testified that he found some symptoms suggestive of a damaged intervertebral disc, that "there were suspicions that he may have had a slipped disc" but that he was not certain at all that that condition existed, in fact he was very uncertain as to that fact.

Dr. Cleveland testified that the employee had a herniated intervertebral disc which in his opinion was caused by an accident in April, 1944, and aggravated by the accident of November, 1946.

Thus it appears that, while the medical experts were not entirely in agreement, there is testimony which supports the commission's finding.

The employee contends that the rule of *Schaefer & Co. v. Industrial Comm.* (1936), 220 Wis. 384, 265 N. W. 393, applies. In that case the court concluded that the matter was properly remanded by the trial court, but based its determination upon the fact that the commission had failed to make an essential finding, the time when the employee first suffered a compensable disability, and concluded that because of such failure "the court was unable to say whether or not the evidence sustained the finding." That is not the situation in the instant case. Here, as we have pointed out, the evidence does sustain the finding. It should be noted that the trial judge did not conclude otherwise. In fact, when the matter was first before the trial court the judge in a memorandum opinion stated that the finding against the existence of a herniated intervertebral disc "is amply supported" by the testimony of two of the doctors.

The case comes squarely within the rule of the *Albion Case, supra,* and the judgment must be reversed.

We have not quoted the commission's so-called finding for the purpose of displaying it as a model. It is in most unsatisfactory form and is followed by an order which it does not support. It rejects the employee's contention and the order requires the employer to pay. But the employer does not attack the award; in fact, it is here contending in support of it. Under those circumstances we may not disturb it.

*By the Court.*—The judgment of April 9, 1953, is reversed, with directions to reinstate the judgment of December 12, 1952, confirming the award.