Mary Jane HOPP, Plaintiff-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION,
Ripon Pickle Company, Inc., and Employers
Insurance of Wausau, Defendants-Respondents.

Court of Appeals

*Nos. 87–1756, 88–0085. Submitted on briefs July 5, 1988.—
Decided August 3, 1988.*

(Also reported in 430 N.W.2d 359.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeff Scott Olson* of *Julian, Olson & Lasker, S.C.* of Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *James P. Altman,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Mary Jane Hopp appeals from: (1) a judgment affirming a decision of the Labor and Industry Review Commission (the commission); and (2) an order denying a motion for relief from judgment. She argues that the circuit court abused its discretion in refusing to reopen the case upon grounds of newly discovered evidence. The circuit court's refusal was based on its finding that the new evidence probably would not change the result. We affirm the decision for a different reason, holding that sec. 102.18(4)(c), Stats., grants the commission the exclusive authority to set aside findings on grounds of newly discovered evidence. We therefore affirm the circuit court's decision denying relief from judgment.

Hopp was injured while working at the Ripon Pickle Company, Inc. She received some disability benefits, but sought additional benefits for a later time period. Hopp did not prevail at the hearing held

before the administrative law judge, and the decision was later affirmed by the commission.

Hopp then sought judicial review. The circuit court entered judgment affirming the commission's decision. Appeal was taken from the judgment.

Hopp then moved the circuit court for relief from judgment under sec. 806.07(1)(b), Stats., regarding newly discovered evidence. A motion was also filed and granted in this court for a stay of the appellate briefing schedule.

The new evidence was an affidavit from one of the witnesses in which she recanted portions of her hearing testimony. The testimony concerned Hopp's farming activities during the time for which she was seeking disability benefits. The circuit court was not satisfied that the change in testimony would change the result before the commission, and an order denying Hopp's motion was issued. Appeal was taken from this order and was consolidated with the previous appeal by this court.

██ The Worker's Compensation Act provides for relief based on newly discovered evidence as follows:

> On its own motion, for reasons it deems sufficient, the commission may set aside any final order or award of the commission or examiner within one year after the date of the order or award, upon grounds of mistake or newly discovered evidence
> . . . .

Sec. 102.18(4)(c), Stats. Implicit in this statute is the right of a party to make such a motion. *Moore v. Industrial Comm'n*, 4 Wis. 2d 208, 214, 89 N.W.2d 788, 791 (1958).

■
The commission interprets sec. 102.18(4)(c), Stats., to give the commission exclusive authority to set aside its findings on the grounds of newly discovered evidence. We agree.

An order or award of the commission is subject to a limited review. Section 102.23(1)(a), Stats., provides in part:

> The order or award granting or denying compensation ... is subject to review *only as provided in this section* and not under ch. 227 or s. 801.02. [Emphasis added.]

Section 102.23 establishes a specific procedure for judicial review in the circuit court. The actions which a circuit court may take upon the commission's order are also limited by sec. 102.23(1)(e).

> Upon such hearing, *the court may confirm or set aside such order or award*; and any judgment which may theretofore have been rendered thereon; *but the same shall be set aside only upon the following grounds*:
> 1. That the commission acted without or in excess of its powers.
> 2. That the order or award was procured by fraud.
> 3. That the findings of fact by the commission do not support the order or award. [Emphasis added.]

The situation before us is nearly identical to that in *Town of Albion v. Industrial Comm'n,* 202 Wis. 15, 231 N.W. 249 (1930). In *Albion,* the circuit court affirmed the commission's award. Later, the employer moved the circuit court to vacate the judgment and to either vacate the commission's award or remand the

case to the commission. The motion was based on affidavits alleging newly discovered evidence. *Id.* at 16, 231 N.W. at 249.

The circuit court vacated its judgment and remanded the case to the commission. On appeal, the supreme court reversed, stating:

> The court's order was virtually the granting of a new trial on the ground of newly-discovered evidence. The commission is empowered by sec. 102.18 to set aside or modify their award on such ground. *But the court is not so empowered.* Under sec. 102.23 it can only affirm the commission's award or set it aside.

*Id.* at 18, 231 N.W. at 250 (emphasis added). The court also noted:

> The courts of other states, wherever the point has been raised, have denied the power of the court to grant a new trial in compensation act cases for newly-discovered evidence upon the general ground that the reviewing court has no powers except as are expressly conferred by the compensation act.

*Id.* at 19, 231 N.W. at 250 (citations omitted).

In 1953, the court used the *Albion* rule to prevent a circuit court from remanding a case to the commission for further proceedings. *Tadin v. Industrial Comm'n,* 265 Wis. 375, 61 N.W.2d 309 (1953). Recognizing the relative age of these cases, we nonetheless conclude that they are supported by the current statutory scheme and represent the law in Wisconsin.[1]

---

[1]Neither *Town of Albion v. Industrial Comm'n,* 202 Wis. 15, 231 N.W. 249 (1930), nor *Tadin v. Industrial Comm'n,* 265 Wis.

Hopp's motion regarding newly discovered evidence was presented to the wrong forum. Such a motion must be made to the commission under sec. 102.18(4)(c), Stats. *See also Moore,* 4 Wis. 2d at 214, 89 N.W.2d at 791. Because the circuit court was not empowered under the *Albion* rule to grant a rehearing on the ground of newly discovered evidence, Hopp's motion was properly denied.

*By the Court.*—Judgment and order affirmed.

---

375, 61 N.W.2d 309 (1953), was cited by the parties before the circuit court or in the briefs on appeal.