WILLIAM RAHR SONS COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*May 17—June 12, 1917.*

*Workmen's compensation: Review of award: Appeal from part of judgment: Notice of injury not given in time: Misleading employer: Lack of finding by commission: Remanding record: Findings, when conclusive: Cause of death.*

1. Although not in terms authorized by sec. 2394—21, Stats., an appeal may be taken from a part of a judgment of the circuit court entered upon a review of an order or award of the industrial commission.
2. Where notice of an injury was not given within thirty days as required by sec. 2394—11, Stats., and the industrial commis-

sion awarded compensation without making any finding as to whether there was any intention to mislead the employer or whether he was in fact misled by such failure to give notice, the circuit court properly set aside the award and remanded the record to the commission for further proceedings.

3. If there is substantial credible evidence supporting the findings of the industrial commission, such findings must, under sec. 2394—19, Stats., stand as verities in an action to review its award.

4. A finding by the industrial commission to the effect that the death of an employee was due to two small cuts on his thumb, accidentally received, through which streptococcal infection entered his system, is *held* to have support in the evidence.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Otto Meister was a fireman in plaintiff's employ. In the discharge of his duties he was required to take out clinkers from the combustion chamber, clean the boilers and fixtures, polish the same, clean the engine and oil it. On March 19, 1915, Meister was attended by Dr. Shaw, who discovered two little cuts through the skin on the thumb, about one eighth of an inch apart and half an inch long, around which there was some redness, and from the condition of which he concluded that Meister was suffering from streptococcus infection. Dr. Shaw saw Meister again on March 21st, at which time the hand was more swollen; on the 22d of March he had chills, his temperature had gone up a good deal, and he was considered to be in a dangerous condition; he was removed to a hospital, grew steadily worse, and died on March 28th of septicæmia. Upon petition the matter was brought before the *Industrial Commission,* and after hearing the *Commission* found that plaintiff and Meister were subject to the provisions of the Workmen's Compensation Law; "that on or about the 9th day of March, 1917, while engaged in performing services for the respondent company growing out of and incidental to his employment, the said Otto Meister sustained an accident resulting in injury and in his death on the 28th day of March thereafter; that his injury and

death were proximately caused by the accident and were not intentionally self-inflicted," and compensation was awarded in the sum of $2,815.82. Plaintiff brought this action in the circuit court for Dane county to review the award made by the *Commission.* The circuit court set aside the award for the reason that it appeared from the evidence that notice of claim for injury was not given until April 13, 1915, thirty-five days after the date of the injury as found by the *Commission.* The *Commission* made no finding as to whether or not there was any intention to mislead the employer or as to whether the employer was in fact misled thereby. Omitting the formal parts the judgment entered was as follows:

"It is adjudged that the order and award . . . be and the same hereby is set aside, *and that the record be and hereby is remanded to the Industrial Commission of Wisconsin for the purpose of litigating the question of fact as to whether there was any intent to mislead the plaintiff, or whether the plaintiff was in fact misled, by the failure to give notice of the injury within thirty days after the accident."*

Plaintiff thereupon appealed from that part of the order directing a return of the record which is printed in italics above.

For the appellant there was a brief by *Nash & Nash* of Manitowoc, and oral argument by *E. G. Nash.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

ROSENBERRY, J.    Some question is raised as to whether or not an appeal may be taken from a part of a judgment. Sec. 2394—21, Stats., does not in terms authorize such an appeal. The provision is as follows:

"Said commission, or any party aggrieved by a judgment entered upon the review of any order or award, may appeal therefrom within the time and in the manner provided for an appeal from the orders of the circuit court," etc.

Sec. 3049 provides that the notice of appeal must state "whether the appeal is from the whole or some part thereof, and if from a part only, specifying the part appealed from." While it is not entirely clear that such was the intention of the legislature, we think such intention sufficiently appears and that an appeal may be taken from a part of a judgment or order, as was done in this case.

The *Commission* having failed to find the fact as to whether or not plaintiff was misled by the failure to serve the notice within the thirty days as required by law, or as to whether or not there was an intention to mislead the plaintiff, the circuit court was clearly right in holding that the award could not stand, and very properly directed that the record be remanded to the *Industrial Commission* for further proceedings. Therefore that part of the order appealed from must be affirmed.

Plaintiff, however, urges that as there was no evidence to sustain the finding of the *Commission* to the effect that the death of Meister was due to the injury received in the course of his employment, the circuit court erred because it refused to dismiss the whole proceeding upon the merits.

If there is any substantial credible evidence supporting the findings of the *Commission* the courts cannot interfere, because, if there is such evidence, the *Industrial Commission* has acted within its jurisdiction and therefore not in excess of its powers. An award of the *Industrial Commission* cannot be set aside excepting upon one of three grounds specified in sec. 2394—19. No question of the weight of the evidence is involved. If there be some credible evidence, which, standing alone, is sufficient to support the finding, it must stand as a verity in the case. Much medical evidence was given as to the nature of the infection from which Meister died and as to the length of time the particular kinds of germs which produced the infection in his case might remain in the system more or less latent. Whether or not there is some

credible evidence must be determined by the application of general principles to the particular facts in each case. We have carefully examined the evidence, from which it appears that deceased sustained an injury to his hand on the 9th day of March; that on the 19th of March the hand was swollen and his condition indicated an infection, from which he subsequently died. While there is a decided conflict in the evidence as to whether or not the germs may have found their way into his system through the cuts received on March 9th, some of the witnesses being of the opinion that such a condition would be impossible, others that it was improbable but not impossible, under all the evidence we cannot say that the *Industrial Commission* acted in excess of its powers in arriving at the conclusion which it did upon the facts in this case. Therefore the circuit court was right in holding that the proceeding should not be dismissed and that the record should be remanded to the *Industrial Commission* for further proceedings.

*By the Court.*—Judgment affirmed.