JOHN H. KAISER LUMBER COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*September 21—October 16, 1923.*

*Workmen's compensation: Whether injury was received in the course of and incident to employment: Award of industrial commission: Conclusiveness.*

1. An award of the industrial commission under the workmen's compensation act finding that the injury to the claimant was incurred in the course of his employment and incident thereto, there being no evidence to the contrary, is conclusive, in the absence of fraud, under sec. 2394—19, Stats.

John H. Kaiser L. Co. .v. Industrial Comm. 181 Wis. 516.

2. Evidence that a deceased employee left his home in the morning with his hand in good condition, that he came home in the evening with it bandaged, and that it had been bandaged by the employer's first-aid man during working hours, sufficiently supports the finding of the industrial commission that an abrasion on the hand of the employee was received in the course of and was incident to his employment.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover under the workmen's compensation act for the pecuniary loss sustained by the death of claimant's husband. The *Industrial Commission* found that the injuries from which the deceased died were incurred in the course of his employment and were incident thereto. The plaintiff began this action to set aside the award, but the trial court sustained it and plaintiff appealed.

For the appellants there were briefs by *Otjen & Otjen,* and oral argument by *C. J. Otjen* and *Ottomar Kloetzner,* all of Milwaukee.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent *Lymburner* there was a brief by *Linderman & Ramsdell* of Eau Claire, and oral argument by *Bailey Ramsdell.*

VINJE, C. J. Where the evidence showed that an employee, who had been a foreman in plaintiff's mill, went to work on the morning of Saturday, March 11, 1922, with his left hand in good condition; that he returned in the evening with the hand bandaged, but resumed work the 13th and continued to work till noon March 18th, when he quit owing to the severe pain in his left arm; that plaintiff's first-aid man testified that the deceased came to him some time in March, but on what specific date he cannot say, during working hours and had his hand bandaged because of a skin abrasion; that there was a skin abrasion on the back of

his left hand just back of the proximal joint of his middle finger which deceased said was caused by a scratch on a nail; that he was given medical attention on March 18th, sent to a hospital the next day, and died from the effects of blood poisoning March 29, 1922, due to infection through the abrasion on his hand,—there being no evidence that the abrasion was received out of the course of his employment, an award finding that the abrasion to the hand was received in the course of his employment and was incident thereto cannot be set aside by this court, especially in view of the provisions of sec. 2394—19, Stats., which declares that "the findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive." *Lewis v. Industrial Comm.* 178 Wis. 449, 190 N. W. 101, and cases cited; *Lezala v. Jazek,* 170 Wis. 532, 175 N. W. 87, 176 N. W. 238; *Heileman B. Co. v. Shaw,* 161 Wis. 443, 154 N. W. 631; *William Rahr Sons Co. v. Industrial Comm.* 166 Wis. 28, 163 N. W. 169. The conclusion reached by the *Commission* seems to be a very reasonable one from all the evidence. The argument of plaintiff that the abrasion might have been received during non-working hours is not very persuasive, for it has no evidence tending to support it. The facts that deceased left home with his hand in good condition on the morning of the 11th; that he came home with it bandaged in the evening, and that it was bandaged by plaintiff's first-aid man during working hours, sufficiently support the finding that the abrasion was received by the deceased in the course of his employment and was incident thereto. Unfortunately he became unconscious shortly after reaching the hospital and so could not be questioned as to how or when he received his injury.

*By the Court.*—Judgment affirmed, with costs in favor of respondents.