Nystrom, Appellant, vs. Industrial Commission of Wisconsin and others, Respondents.

*May 12—June 18, 1928.*

*W. K. Parkinson* of Phillips, for the appellant.

For the respondents there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Levitan* and *Mr. Doe.*

CROWNHART, J. As to the proximate cause of death the medical testimony is diverse. It is contended by the appellant that the injury to the knee and consequent hospitalization of the patient, requiring his lying continuously on his back, weakened his system so as to make him subject to pneumococcus infection more easily and lessened his ability to throw off the disease when it occurred; hence, the accident may be said to be the proximate cause of death. On the other hand, the defendant's medical testimony was to the effect that lobar pneumonia could not and did not result proximately from the accident. We see no way to escape the conclusion that this presented a question of fact for the Industrial Commission, and for that reason its award cannot be disturbed.

We are of the opinion, however, that the case should be reversed and sent back to the Commission with directions to make its finding on the question of whether or not the deceased had a permanent partial disability or a permanent total disability as a result of the accident, and if so, the amount of compensation to be awarded. The Commission made no finding on this question. The attorney for the claimant did not present that question to the Commission, but did present it to the circuit court as a ground for refer-

ring the case back to the Commission for its finding on that subject.

Sub. (4), sec. 102.09, Stats. 1925, provides:

"If death occurs to an injured employee other than as a proximate result of the accident, before disability indemnity ceases, death benefit shall be as follows:

"(a) Where the accident proximately causes permanent total disability, it shall be the same as if the accident had caused death.

"(b) Where the accident proximately causes permanent partial disability, liability shall exist for such benefit as shall fairly represent the proportionate extent of the impairment of earning capacity in the employment in which the deceased was working at the time of the accident or other suitable employment, caused by such disability. . . ."

The post-mortem showed that the fractured patella was separated by clots of blood. The post-mortem does not show that there had been any union of the fractured parts or any progress toward union. It may well be that the fractured patella of a person sixty years of age, who was a common workman at heavy work, might give him more or less disability for the rest of his life. That is a question of fact for the Commission to determine.

No question of waiver because of the failure of the claimant's attorney to present this matter to the Commission can be sustained. The purpose of the compensation act clearly makes it the duty of the Industrial Commission to find the facts and determine the compensation irrespective of the presentation of the case by attorneys; in fact, the law designedly contemplates that the Industrial Commission shall protect the rights of the injured workman and his dependents. The failure of the Commission undoubtedly was an oversight.

*By the Court.*—The judgment of the circuit court is reversed, with directions to remand the case to the Industrial Commission, as indicated in this opinion.