SCHAEFER & COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.  [Two cases.]

*January 9—February 4, 1936.*

For the appellants there were briefs by *Wood, Warner & Tyrrell,* attorneys, and *Jackson M. Bruce* of counsel, all of Milwaukee, and oral argument by *Mr. Bruce.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

Rosenberry, C. J.   The situation in each of these cases is this: The plaintiffs began an action to have an award of the Industrial Commission set aside.   The judgments entered set aside the award made by the Industrial Commission in each case, which is in accordance with the prayer of the plaintiffs' complaint.   Of this they cannot complain, because they are not aggrieved thereby.   They argue here that they are aggrieved because the judgment remands the record to the Industrial Commission for further proceedings.

Sec. 102.24 (1), Stats., provides in part:

"Upon the setting aside of any order or award the court may recommit the controversy and remand the record in the case to the commission, for further hearing or proceedings; or it may enter the proper judgment upon the findings, as the nature of the case shall demand."

Manifestly, whether or not the circuit court shall enter judgment or recommit the controversy and remand the record to the Industrial Commission is a matter of judicial discretion.   The trial court was of the view that, the Industrial Commission having found no particular day upon which disa-

bility occurred, the court was unable to say whether or not the evidence sustained the finding. The finding was: "And has been so disabled since the day of his discharge on February 5, 1934." The court was of the view that the statement that claimant had been disabled since February 5, 1934, did not find the time when the applicant first suffered a compensable disability. In so finding, it is considered that the trial court was not in error.

*By the Court.*—The judgment in each case is affirmed.