SPENLE, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

*September 15—October 10, 1939.*

For the appellants there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, attorneys for Fairbanks-Morse & Company, and the *Attorney General,* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and oral argument by *Mr. Harold M. Wilkie* and *Mr. Levitan.*

For the respondent there was a brief by *Lucius A. Squire,* attorney, and *M. M. Morrissey* of counsel, both of Madison, and oral argument by *Mr. Morrissey.*

FAIRCHILD, J.   The trial court did not find a lack of credible evidence to sustain the findings as made by the commission on which it based its conclusion that the diseased condition of the eye was not due to injury incurred in the employment.   The commission was convinced that the past medical history of the plaintiff disclosed repeated infections of the eye; that although trauma might cause an ulcer, the existing condition also might have been caused by systemic infection.

The plaintiff's account of the injury claimed by him met pointed contradiction in a number of particulars; in the lack of immediate effect naturally to be expected from the presence of a foreign body in the eye; plaintiff testified that dust was blown in his eye August 11th, but that he did not see a doctor until September 6th; the doctors testify to seeing him August 12th, making an examination of the eye, and finding no foreign matter that would be responsible for the injury had it occurred as plaintiff claims; that at that time plaintiff made no mention of any sand or dirt being blown in his eye; that infectious processes will produce a corneal ulcer; and that plaintiff had diseased tonsils and an enlarged prostate gland, forming a foci of infection.

There is in the record a memorandum of the reasons moving the circuit court to the judgment granted and now appealed from. The difficulty with the ruling is that the questions of fact are to be decided by the commission. In the opinion written by the learned trial judge he emphasizes that the employer's answer originally contained an admission of injury, and that there is no specific finding as to whether an accident did or did not occur. An examination of the record shows that the question of injury was in dispute from the beginning of the hearing before the examiner. It was understood by all as stated by the examiner that the "questions in dispute will be injury, and extent and duration of disability." The hearing proceeded on that basis. When plaintiff closed his case his attorney asked whether it was necessary to establish that the particular accident occurred and the examiner replied: "It has not been refuted so far." The attorney then said that he would call witnesses if necessary in rebuttal. After the introduction of the testimony of the doctors, the employer rested its case. No witnesses in rebuttal were called. After the examiner had made his findings and order there was a petition addressed to the Industrial Commission

for review and for leave to offer further testimony. This request for leave to present further testimony was denied.

The refusal by the Industrial Commission to receive further evidence under the circumstances was well within its jurisdiction. In passing upon this request the commission reviewed and approved the findings by the examiner to the effect that the applicant did not sustain injury growing out of and incidental to his employment. That was necessarily the principal issue in this case. In connection with this the commission said:

"It is incredible to the commission that the applicant's condition could have resulted from a foreign body which, after being washed out, caused no further 'scratching' on the day of injury, and apparently no further symptoms until the following morning. If a foreign body had resulted in the ulcer, from which the applicant suffered, the commission believes that there would have been continuous symptoms from the time that the foreign body got in the applicant's eye. In the absence of such symptoms, and because of the failure to give attending physicians any history of injury within a short period following alleged accident, the commission concludes that the condition of the applicant's eye was infectious due undoubtedly to the old childhood lesion which the applicant had suffered and probably made more susceptible to infection by reason of additional involvement on a number of occasions between 1923 and 1936.

"The commission believes that no purpose will be served by further hearing."

Credible evidence upholds the finding that the infection was due to a cause for which his employment was not responsible. The determination of the commission cannot be disturbed, as said in *Winter v. Industrial Comm.* 205 Wis. 246, 250, 237 N. W. 106, "merely because it is, as we view it, against the preponderance of the evidence."

There is no error or irregularity in the proceedings. The commission as a matter of judgment upon sufficient showing

concluded the condition in the eye from which claimant was suffering was due to his physical condition and not caused by his employment.

The case is therefore within sec. 102.23 (1), Stats., which reads:

". . . such order or award . . . shall be set aside only upon the following grounds: (a) That the commission acted without or in excess of its powers. (b) That the order or award was procured by fraud. (c) That the findings of fact by the commission do not support the order or award."

See also *A. D. Thomson & Co. v. Industrial Comm.* 194 Wis. 600, 217 N. W. 327; and *Albion v. Industrial Comm.* 202 Wis. 15, 231 N. W. 249.

*By the Court.*—Judgment reversed.