CHRISTNOVICH, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*May 4—June 6, 1950.*

236

*Stephen J. Hajduch* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

GEHL, J. Appellant contends that upon his petition for a review by the whole commission it should have made an express finding with respect to his claimed back injury, that it should have retained jurisdiction to determine whether there was a back injury, and that it should have taken additional testimony.

It will be observed that the applicant made a claim for an injury both to his right hip and his back; that he thereby presented to the commission a claim based upon an alleged injury to his back. His entire claim was presented to the commission as it is required to be.

"When the employee suffers an accident he has but one cause of action for compensation for all injury and disability sustained as the result thereof, and his claim therefor is not severable. *R. J. Wilson Co. v. Industrial Comm.* 219 Wis. 463, 263 N. W. 204; *A. D. Thomson Co. v. Industrial Comm.* 222 Wis. 445, 450, 268 N. W. 113, 269 N. W. 253. When the commission makes findings and a final award, it is not passing upon merely the employee's right to compensation for certain claimed or then known injuries. It is passing upon all compensation payable for all injuries caused by that accident." *State ex rel. Watter v. Industrial Comm.* 233 Wis. 48, 52, 287 N. W. 692.

The mere fact that the applicant in his original petition stated that his claim was based in part upon his back injury presented that feature of his claim to the commission and it was considered by the commission in making its award. The commission having determined that there was an injury only to the right hip it was not necessary that it make a specific finding as to the back injury.

From the finding that the permanent partial disability sustained by the applicant was at the hip, the inference necessarily follows that it was determined that he sustained no disability to any other portion of his body.

There was ample testimony to support the implied finding of the commission that applicant had suffered no compensable disability to his back.

Applicant contends that the commission should not have entered a final award but should have ordered the taking of additional testimony. The taking of additional testimony on petition for a review of an examiner's findings and order

is a matter for the sole discretion of the commission. *Spenle v. Industrial Comm.* 232 Wis. 506, 287 N. W. 690; *Woodside School Dist. v. Industrial Comm.* 241 Wis. 469, 475, 476, 6 N. W. (2d) 182.

Applicant's petition has been fully considered, and under the rule of *State ex rel. Watter v. Industrial Comm., supra,* the judgment must be affirmed.

*By the Court.*—Judgment affirmed.