BROUWER REALTY COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 8—February 2, 1954.*

76

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Edward H. Borgelt* and *Richard S. Gibbs* of counsel, all of Milwaukee, and oral argument by *Mr. Gibbs.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Myrtle Johnson there was a brief by *Brennan, Brennan & Brennan* of Milwaukee, and oral argument by *Martin J. Brennan.*

STEINLE, J.   The employer suggests that if it had not already done so, this court in reviewing the findings of the Industrial Commission should adopt the rule which incorporates the spirit of the Administrative Procedure Act, ch. 227, Stats., which requires that an administrative agency consider the entire record in arriving at its determination of fact. It has long been the rule of this court that findings of the Industrial Commission must be sustained if there is any credible evidence to support them. *Gant v. Industrial Comm.* (1953), 263 Wis. 64, 56 N. W. (2d) 525. The test is whether there is any credible evidence which, if unexplained, would support the commission's findings. *Fruit Boat Market*

*v. Industrial Comm.* (1953), 264 Wis. 304, 58 N. W. (2d) 689; *Hills Dry Goods Co. v. Industrial Comm.* (1935), 217 Wis. 76, 258 N. W. 336.

The employer cites *Motor Transport Co. v. Public Service Comm.* (1953), 263 Wis. 31, 56 N. W. (2d) 548, as indicating that this court therein adopted a new rule with respect to court review of findings of the Industrial Commission in workmen's compensation cases. We do not consider that which was said in the *Motor Transport Co. Case, supra,* on this question laid down any new principle but merely adhered to that which had been said on the subject by Mr. Chief Justice Rosenberry in *Hills Dry Goods Co. v. Industrial Comm., supra,* as we interpreted the same. In both the *Motor Transport Co.* and *Hills Dry Goods Co. Cases* it was expressly declared that this court in reviewing findings of the Industrial Commission in workmen's compensation cases does not pass upon the weight of the evidence or the credibility of witnesses. It should be observed also that the rule with respect to the findings of the Industrial Commission in matters arising out of the Workmen's Compensation Act and as the court had consistently declared it, was restated and reaffirmed in the *Gant Case, supra,* and in the *Fruit Boat Market Case, supra.*

We are required here to ascertain whether there is any credible evidence to support the commission's findings. Two physicians testified on behalf of the employer. The reports of two other physicians offered by it were also received in evidence. Their conclusion was contrary to that of Dr. Dundon who testified on behalf of the employee. We consider that unless Dr. Dundon's testimony is to be rejected, the same, coupled with that of Mrs. Johnson, is sufficient under the rule to sustain the finding. Mrs. Johnson had testified that when she was struck she became nauseated and dizzy and felt that she was going to pass out and that her head hurt her and she thought it was bleeding and swollen.

She said there was a bump on her head and that it "hurts terrible." The credibility of expert witnesses in proceedings under the Workmen's Compensation Act is for the commission to determine. *General A. F. & L. Assur. Corp. v. Industrial Comm.* (1937), 223 Wis. 635, 271 N. W. 385.

It is the function of the commission to evaluate medical testimony and decide the weight of same. *Hills Dry Goods Co. v. Industrial Comm.* (1935), 217 Wis. 76, 258 N. W. 336.

The commission's finding on disputed medical testimony is conclusive. *Milwaukee E. R. & T. Co. v. Industrial Comm.* (1951), 258 Wis. 466, 46 N. W. (2d) 198.

The employer contends that Dr. Dundon's testimony has no probative force because his conclusion is based, in part at least, upon his assumption that vomiting followed immediately after the accident and that in fact it does not appear that it did.

Mrs. Johnson testified that she became nauseated; she did not testify that she had vomited. Dr. Dundon testified that when he first examined her she told him that she had suffered "nausea, vomiting, and headaches." The statement was made by her for the purpose of treatment and was properly received in evidence. *Keller v. Gilman,* (1896), 93 Wis. 9, 66 N. W. 800; *Curran v. A. H. Stange Co.* (1898), 98 Wis. 598, 74 N. W. 377. It follows, of course, that if such testimony was competent then it was proper for the physician to consider it as a basis in part for his conclusion. In any event, and assuming that the doctor should not have taken into consideration the fact that there had been a period of vomiting, it does not appear from the record that vomiting is a symptom necessarily present to support the doctor's conclusion. According to Webster's dictionary "nausea is any sickness of the stomach, like seasickness, with a desire to vomit." The commission which reviewed the testimony could well determine that the "desire" was the important

symptom, whether or not the actual act of vomiting was accomplished. This discrepancy, if there is one, is not sufficient to impeach the finding.

While it is possible that this court may have arrived at a determination different than that of the Industrial Commission as to the facts herein, nevertheless it is the rule that the supreme court cannot disturb a finding of fact by the Industrial Commission merely because it is against the preponderance of evidence in the opinion of the supreme court. *Winter v. Industrial Comm.* (1931), 205 Wis. 246, 237 N. W. 106, and *Spenle v. Industrial Comm.* (1939), 232 Wis. 506, 287 N. W. 690.

The employer contends that a letter written by Harry A. Nelson, director of workmen's compensation, Industrial Commission, to the attorneys for the parties indicates that the commission had improperly shifted the burden of proof from the employee to the employer. The letter was written in response to the petition of the employee for a review of the examiner's findings and states amongst other things, "it would appear that there is no testimony in the record negativing disability as occasioned by injury. For this reason the commission is setting aside the order." While the letter, standing alone, might not suggest the approach required under the circumstances, nevertheless the formal findings of the commission disclose that it had the correct rule in mind when it found that Mrs. Johnson was temporarily totally disabled at the time of hearing. The letter does not disclose that the commission acted otherwise than properly in its determination. We are required to assume, unless there is affirmative proof to the contrary, that the commission acted regularly as to all matters and pursuant to the rules of law and proper procedures in its determination.

*By the Court.*—Judgment affirmed.