GALLENBERG, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 13—February 8, 1955.*

For the appellant there was a brief and oral argument by *M. W. Hillis* of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent A. O. Smith Corporation there was a brief and oral argument by *L. A. Tarrell* of Milwaukee.

GEHL, J.   Plaintiff contends that the hearing before the examiner was not intended to determine the extent of permanent disability; that the examiner should have determined only the amount of compensation to which he was entitled to the date of hearing and the employer's liability for medical services; that the trial court erred in refusing to remand the record to the commission for further proceedings.

The commission's order was a final determination of the rights of the parties. It is interlocutory only in the sense that jurisdiction was retained to determine the amount of Dr. McCabe's bill. When plaintiff filed his application with the commission there was presented the entire claim, that

for both temporary and permanent disability. *State ex rel. Watter v. Industrial Comm.* 233 Wis. 48, 287 N. W. 692; *Christnovich v. Industrial Comm.* 257 Wis. 235, 43 N. W. (2d) 21. The finding that there was temporary disability and the failure or refusal to find the extent of permanent disability must be construed as a finding that there was no permanent disability. *Christnovich v. Industrial Comm., supra; Tadin v. Industrial Comm.* 265 Wis. 375, 61 N. W. (2d) 309. The finding having been made, the court is without jurisdiction to remand the record to the commission for further proceedings if the record contains evidence to sustain the finding. *Tadin v. Industrial Comm., supra; Albion v. Industrial Comm.* 202 Wis. 15, 231 N. W. 249. The extent of disability, temporary and permanent, was a question of fact and the commission's finding thereon, if supported by any evidence, is conclusive. *Brouwer Realty Co. v. Industrial Comm.* 266 Wis. 73, 62 N. W. (2d) 577; *M. & M. Realty Co. v. Industrial Comm.* 267 Wis. 52, 64 N. W. (2d) 413. There is such evidence. Dr. Goodman who treated plaintiff on the day of the accident, in a report authorized by sec. 102.17 (1) (as), Stats., to be considered by the commission, stated that Gallenberg had a "sacroiliac strain with muscle spasm." In answer to the question, "Has accident or industrial disease resulted in any permanent disability?" he said "No." He added "complete recovery is expected," and that on May 15, 1952, he was able to return to full-time work at his former occupation.

Plaintiff cites *William Rahr Sons Co. v. Industrial Comm.* 166 Wis. 28, 163 N. W. 169; *Karges v. Industrial Comm.* 166 Wis. 69, 162 N. W. 482; *Interlake Pulp & Paper Co. v. Industrial Comm.* 186 Wis. 228, 202 N. W. 175; *Schaefer & Co. v. Industrial Comm.* 220 Wis. 384, 265 N. W. 393; and *Hills Dry Goods Co. v. Industrial Comm.* 222 Wis. 439, 267 N. W. 905, as authority for his contention that the court has authority to and should remand the record. In each of

these cases the commission had failed to make an essential finding and it was for that reason that the record was ordered remanded. That is not the case here. He also cites *Wisconsin Granite Co. v. Industrial Comm.* 208 Wis. 270, 242 N. W. 191, where the record was remanded because an essential issue had not been litigated. As we have pointed out, plaintiff's entire claim was before the commission and all of the issues made by his petition were determined. *Wisconsin Granite Co. v. Industrial Comm., supra,* is not authority for plaintiff's contention.

*By the Court.*—Judgment affirmed.