GIANT GRIP MANUFACTURING COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.*

*December 9, 1955—January 10, 1956.*

* Motion for rehearing denied, without costs, on March 6, 1956.

584

For the appellants there were briefs by *Welsh, Trowbridge, Wilmer & Bills,* and oral argument by *Richard J. Gould,* all of Green Bay.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents F. Butkiewicz & Sons and the Maryland Casualty Company there was a brief and oral argument by *Robert J. Merklein* of Milwaukee.

BROWN, J.   The so-called finding that each employer is liable for one half of the compensation and cost of treatment is really a conclusion of law, but one which necessarily results from a finding that the disability is caused by both accidents in equal shares, if that finding is valid.

The finding that each accident was 50 per cent of the cause of the disability commencing December 22, 1952, is a true finding of fact, and we must sustain it if the record shows credible evidence to support it.  "The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive; . . ."  Sec. 102.23, Stats.  The extent and cause of a disability are often, as here, questions of medical fact, properly the subject of expert testimony.  We have repeatedly said that it is the function of the Industrial Commission to evaluate medical testimony and determine its weight, and the commission's finding on disputed medical testimony is conclusive.  *Keller v. Industrial Comm.* (1955), 271 Wis. 225, 229, 72 N. W. (2d) 740, and cases there cited.

Dr. Winter testified for Asher as follows:

"*Q*. Well, what is your opinion, then, doctor? Is it, can you state, to a reasonable probability, whether or not both incidents were a factor or whether just one of them was a factor in the ultimate protrusion? *A.* Well, I believe that I would have to say that both incidents were a factor. . . .

"*Q*. I don't know whether you have answered this question, doctor, but you have testified that you felt that both incidents were a factor in the present disability? *A*. Yes. . . .

"The Examiner: Well, I think that the doctor has probably answered. My question was as to the causative factor and the doctor said that, considering that, he would also consider the severity of the incident. How did you mean your answer to be, doctor? *A*. I meant that, in breaking it down, I would consider the causative factors about 50 per cent each, despite the fact that this man was able to work. In other words, it was my opinion that he had had a previous disc protrusion, that is, he had a disc protrusion at the time of the injury on October 19, 1951, and that, following that, the anatomy is not normal, a second protrusion is more likely and I feel that both incidents share about 50 per cent, as to his present condition, because of the weakness that existed following the first injury."

The record shows that at other times he testified to like effect.

In *South Side R. & M. Co. v. Industrial Comm.* (1948), 252 Wis. 403, 31 N. W. (2d) 577, and in *Merton Lumber Co. v. Industrial Comm.* (1951), 260 Wis. 109, 50 N. W. (2d) 42, we held that due process of law demanded that findings of fact be based on evidence of record and without such evidence the commission exceeded its jurisdiction in making a finding. Counsel for appellants remind us that counsel for the commission, contending for a different rule in the *Merton Case, supra,* argued that to insist on such a requirement was to demand the impossible, for a credible medical witness would not venture to apportion the cause of disability with sufficient certainty among successive accidents.

It is clear from the present record that counsel underestimated the daring of doctors and the credulity of commissions. Testimony apportioning the cause or causes of Asher's disability was given by Dr. Winter, the commission found it credible, and the commission's finding of fact conforming to the testimony must be sustained.

Appellants submit that an affirmance of the judgment destroys the salutary rule of *M. & M. Realty Co. v. Industrial Comm.* (1954), 267 Wis. 52, 64 N. W. (2d) 413. We do not agree. In that case there was no finding that disability was caused in any proportions by different accidents. We are unable to see where what was said there is affected by the present decision.

*By the Court.*—Judgment affirmed.