MASSACHUSETTS BONDING & INSURANCE COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*March 8—April 9, 1957.*

508

For the appellants the cause was submitted on the brief of *Brennan, Brennan & Brennan* of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FAIRCHILD, J.   The award which appellants challenge was made under sec. 102.61, Wis. Stats., which provides in part:

"An employee who is entitled to receive and has received compensation pursuant to this chapter, and who is entitled to and is receiving instructions pursuant to the provisions of the act of congress known as the Vocational Rehabilitation Act, and amendments thereto (Public Law 113–78th Congress) as administered by the state in which he holds residence or in which he resided at the time of becoming physically handicapped, shall, in addition to his other indemnity, be paid his actual and necessary expenses of travel and, if he receives such instructions elsewhere than at the place of his residence, his actual and necessary costs of maintenance, during rehabilitation, subject to the following conditions and limitations: . . .

"(3) He may not have expenses of travel and costs of maintenance on account of training for a period in excess of forty weeks in all.

"(4) The commission shall determine the rights and liabilities of the parties under this section in like manner and with like effect as it does other issues under compensation."

It is clear that Klees was entitled to workmen's compensation and received it; and that at the time of the hearing his tuition at the university was being paid by the state board of vocational and adult education. If he is entitled to that benefit under the Federal Vocational Rehabilitation Act (29 USCA, secs. 31 to 42), it will follow from the provisions of sec. 102.61, Wis. Stats., that expense of travel and costs of maintenance up to forty weeks must be paid by his employer and insurer. Appellants point out that Klees has been gainfully employed during several periods since his injury. They argue that he is not entitled to the type of education he is being furnished because he is not so incapacitated as to be unfit to engage in a remunerative occupation. In essence they dispute the interpretation placed upon the federal act by the state board in considering that Klees is entitled to aid.

The federal act (29 USCA, sec. 31) makes an appropriation: "For the purpose of assisting the states in rehabilitating physically handicapped individuals so that they may prepare for and engage in remunerative employment to the extent of their capabilities, thereby increasing not only their social and economic well-being but also the productive capacity of the Nation." Sec. 32 provides for allotment of money to states for expenditure under an approved plan. Sec. 35 provides for the approval of a state plan for vocational-rehabilitation services by the secretary of health, education, and welfare if the plan meets specific requirements. Sec. 41 defines the term, "vocational rehabilitation services" so as to include, among other things, "training . . . for physically handicapped individuals." The term "physically handicapped individual" is defined as "any individual who is under a physical or mental disability which constitutes a substantial

handicap to employment, but which is of such a nature that vocational-rehabilitation services may reasonably be expected to render him fit to engage in a remunerative occupation."

Sec. 41.71, Wis. Stats. 1953, is designated the Rehabilitation Law. By it the state accepts the benefits of the federal act and authorizes the state board to co-operate with the federal agency in carrying out the purposes of the federal act. "Handicapped person" is defined in sub. (3) (a) as "any person who, by reason of a physical or mental defect or infirmity, whether congenital or acquired by accident, injury, or disease, is or may be expected to be totally or partially incapacitated for remunerative occupation, and who may reasonably be expected to be fit to engage in a remunerative occupation after receiving vocational-rehabilitation service." The board is required to acquaint handicapped persons with rehabilitation facilities and counsel them regarding the selection of a suitable location and prescribe such training as may be necessary to insure their vocational rehabilitation.

The question which arises at the outset is the scope of any review by the Industrial Commission (acting under sec. 102.61, Wis. Stats.) of the action of the state board in furnishing Klees with tuition for university training. It must be presumed that the state board, before spending public funds for that purpose, concluded that such action was authorized by the federal and state rehabilitation laws and the state plan. The duty of administering those laws has been imposed on the state board. Necessarily the performance of that duty involves the interpretation of those laws. The, Industrial Commission has not been given any general power to review the acts of the state board. If, under sec. 102.61, it should determine that Klees, who is receiving benefits, is not entitled to them, it would be determining that the state board, another administrative agency, was making an unauthorized expenditure of public funds. Such a determination would not under the statutes have any legal effect upon the

continued expenditure by the state board but would only have the effect of relieving the employer of the obligation to provide the expense of travel and maintenance for forty weeks.

Under these circumstances it does not seem that the legislature intended to give the Industrial Commission any power to interpret the rehabilitation laws. We conclude that any power of review given to the Industrial Commission is limited. Unless it is shown before the commission that highly material facts were misrepresented to or withheld from the state board or that the state board has applied an interpretation of the rehabilitation laws which is entirely outside the reasonable scope of interpretation and hence a clear abuse of administrative power, the Industrial Commission must find that any applicant who is receiving aid from the state board is also entitled to it.

One in appellants' position does not have the right to a hearing before the state board, but has had a hearing before the Industrial Commission on the occurrence of the injury and other facts making him liable for payment of compensation. He must accept the further liability for travel and maintenance in connection with a rehabilitation program on which the state board is willing to spend public funds unless he can demonstrate at the hearing before the Industrial Commission that there has been fraud or the type of abuse of power above referred to.

There is nothing in the record before us to indicate that the state board was not apprised of all material facts. As previously stated, the challenge made by appellants goes to the interpretation by the state board of the rehabilitation laws. This interpretation is more liberal in favor of applicants whose capacities for employment have been only impaired than the appellants think proper. We cannot say, however, that this interpretation is so clearly wrong that Klees is not entitled to the aid which the state board is furnishing him. Accordingly the award by the Industrial

Commission was properly confirmed by the circuit court and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

STEINLE, J. (*concurring*). While agreeing that the judgment must be affirmed, I am not able to concur in the view that the Industrial Commission is bound by the determination of the state vocational board that the employee, Bernard Klees, is a handicapped person entitled to the vocational-rehabilitation training, and that when proof of the state vocational board's determination with respect to such matter was presented to the commission, there could be no challenge of it except for misrepresentation or fraud. Further, I cannot agree that when the Industrial Commission had proof before it of the vocational board's determination, the Industrial Commission was obliged as a matter of course to direct the employer or his insurer to pay the employee's expenses of travel and maintenance on account of training for a period of forty weeks.

In my opinion the trial court correctly held that it was the duty of the Industrial Commission to make its own determination as to whether the employee was a "handicapped person" entitled to vocational rehabilitation. It seems clear that under sec. 102.61 (4) and (3), Wis. Stats., it was the duty of the Industrial Commission also to determine the period for which the expenses of travel and costs of maintenance were to be paid.

The trial court's analysis of the duty and right of the Industrial Commission to determine whether the employee was entitled to the vocational-rehabilitation training, is in part as follows:

"As to whether or not Klees was entitled to take a rehabilitative course in probation and parole, we agree with plaintiffs that this is a question of fact to be determined by the commission. Sec. 102.61 (4) provides: 'The commission

shall determine the rights and liabilities of the parties under this section in like manner and with like effect as it does other issues under compensation.' Admittedly, the commission does not determine an employee's rights with respect to the training itself, cost and payment therefor. That is done by the state vocational board pursuant to sec. 41.71. However, when it comes to the travel and maintenance expenses provided for in 102.61, the commission must then make the finding of entitlement supported by credible evidence as provided in 102.61 (4) (supra).

"After all, the employer is not liable for the expenses of the actual training program under 41.71—only travel and maintenance costs under 102.61. As to such expenses he is entitled to a proper finding by the commission based on credible evidence. The employer cannot be bound by the determination of the state board at a proceeding where no notice of which was given the employer and from which employer has no right to seek a review.

"It is the opinion of this court that the simple issue here presented is as follows:

"Is there any credible evidence in this record to support the commission's finding that Klees was entitled to rehabilitation treatment under 41.71 and therefore entitled to travel and maintenance expenses under 102.61? If so, this court is bound by such finding. *Gallenberg v. Industrial Comm.* (1955), 269 Wis. 40, 43 [68 N. W. (2d) 550]; *Giant Grip Mfg. Co. v. Industrial Comm.* (1956), 271 Wis. 583, 585 [74 N. W. (2d) 182]. . . .

"As previously indicated, we feel that plaintiffs are not bound by the determination of the state vocational board that Klees was entitled to vocational-rehabilitative training. Such a finding is mere hearsay in so far as it affects the rights of the plaintiffs in this proceeding. However, we feel there is ample credible evidence in the record to support, independently of any determination by the state vocational

board, a finding that Klees was a handicapped person within the meaning of sec. 41.71 (3) (a)."

To require an employer or his insurer to pay an employee's expenses of travel and costs of maintenance on account of vocational training, without affording notice and a hearing to such employer to challenge the alleged handicapped status of the employee and the reasonable need for such training, and his entitlement thereto, would, in my opinion, present a serious question of deprivation of property of such employer or insurer without due process of law in violation of sec. 1, art. XIV of the United States constitution. We should not adopt a construction of sec. 102.61, Stats., which gives rise to serious doubt of its constitutionality where, as is the case here, a different construction which will avoid such doubt, is permissible under the terms of the statute. *Swanke v. Oneida County* (1953), 265 Wis. 92, 99, 60 N. W. (2d) 756, 62 N. W. (2d) 7.

Since the Industrial Commission made an express finding on sufficient evidence that the employee Klees "is entitled to and is receiving instructions pursuant to the provisions of the act of congress," the question discussed by the majority as to the binding effect of the state vocational board's determination of eligibility is not necessary to the decision of this appeal. In my opinion, therefore, we ought not to pass on the question at this time.

I am authorized to state that Mr. Justice BROADFOOT and Mr. Justice WINGERT join in this concurring opinion.