Ansul, Inc. and Illinois National Insurance Company, Plaintiffs-Appellants,
v.
Gary L. Johnson and Labor and Industry Review Commission, Defendants-Respondents.
No. 03-2325.
Court of Appeals of Wisconsin.
Opinion Filed: May 25, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Ansul, Inc., and its insurer, Illinois National Insurance Company, appeal a judgment affirming a decision of the Labor and Industry Review Commission that Gary Johnson sustained a compensable injury at work on or about October 20, 1999. Ansul argues that the Commission improperly remanded the case to the Department of Workforce Development (DWD) and that the Commission's ultimate decision is not supported by credible and substantial evidence. We reject those arguments and affirm the judgment.
¶2 Johnson's duties included lifting sixty-pound tanks and welding them. Johnson testified that while lifting one of those tanks, he experienced a "menthol feeling" in his shoulder. Later that evening, he experienced extreme pain in the same location. After seeing a chiropractor, Johnson was referred to a neurologist who, in turn, referred him to a neurosurgeon, Dr. Bruce Bressler. Bressler diagnosed a herniated disc and performed an anterior cervical decompression and fusion. Bressler's report concluded that Johnson's employment was a direct cause of his injury.
¶3 The Commission questioned Bressler's conclusion because he mistakenly believed that Johnson lifted the tanks overhead as part of his job. To clarify Bressler's position, the Commission remanded the case to DWD to receive a second report from Bressler, one that would acknowledge that Johnson did not do overhead lifting of the tanks. The Commission also asked that Bressler review a videotape showing the type of lifting Johnson did. The Commission also gave Ansul an opportunity to rebut Bressler's supplementary report.
¶4 Bressler retired before the remand. His colleague, Dr. Paul Baek, issued the supplementary report. Without reviewing the videotape, but reviewing Johnson's medical records and discussing the case with staff members, Baek opined that "work exposure was certainly sufficient to aggravate and accelerate this patient's pre-existing condition beyond its normal progression to the point where it became symptomatic and required surgical treatment." Ansul did not present additional evidence on that issue and the Commission ruled in Johnson's favor.
¶5 The Commission properly remanded the case to DWD to clarify whether Bressler's opinion that the injury was work related depended on his belief that Johnson lifted tanks over his head. WISCONSIN STAT. § 102.18(3)[1] authorizes the Commission to direct the taking of additional evidence. WISCONSIN ADMIN. CODE § LIRC 1.05 compels the Commission to remand the matter if "the record is inadequate to arrive at a decision." Because Bressler's opinion regarding causation was rendered unclear by his erroneous description of Johnson's lifting duties, the Commission appropriately sought clarification. Its duty is to find the facts and determine the compensation, irrespective of the presentation of the case by attorneys. See Nystrom v. Industrial Comm'n, 196 Wis. 406, 409, 220 N.W. 188 (1928).
¶6 Nothing in the record supports Ansul's argument that the Commission remanded the case to create a record to support the decision it wanted to reach. The Commission could not have anticipated Bressler's response, much less Baek's opinion regarding causation.[2]
¶7 Johnson presented sufficient evidence to support the Commission's findings. The role of the court is limited to reviewing the record to locate credible and substantial evidence that supports the Commission's determination. See WIS. STAT. § 102.23(6). Johnson's testimony that his first symptoms began at work and became worse that night, along with Baek's opinion that Johnson's injury was work related, constitute sufficient credible evidence.
¶8 Ansul faults Johnson for lack of consistency regarding the date on which the accident occurred, noting that the accident as Johnson described it could only have occurred on October 19. In various reports, Johnson indicated that the accident occurred October 19, 20 or 21. The Commission found that the accident occurred "on or about October 20." The precise date is irrelevant, as long as the injury occurred at work. Whether Johnson's inconsistency in reporting the date undermines his credibility is a matter for the Commission to decide, not the courts. See E.F. Brewer v. DILHR, 82 Wis. 2d 634, 637, 264 N.W.2d 222 (1978).
¶9 Ansul also faults Baek for failing to view the videotape and for failing to describe a traumatic injury rather than an occupational disease. Ansul tacitly contends without citation that a traumatic injury must occur at a precise moment in time as opposed to onset over a few hours. The Commission could reasonably infer from Baek's report that he was describing a traumatic injury with symptoms appearing over a period of hours. Its construction of Baek's report and the weight to be assigned the report in light of Baek's failure to review the videotape are matters for the Commission. WISCONSIN STAT. § 102.23(6) prohibits courts from substituting their judgment as to the credibility of witnesses or the weight of the evidence.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] We also note that Ansul waived any objection to the remand by failing to complain about that decision until ten months after the remand and long after Baek's first letter report.